IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AXIS INTERNATIONAL MARKETING LTD., | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | |
| HANG A BUNCH, LLC, | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF A PATENT

Plaintiff, Axis International Marketing LTD ("Axis"), by and through its undersigned counsel, alleges as follows:

### THE PARTIES

1.     Axis is a corporation of the state of Illinois, having a principal place of business at 1800 South Wolf Road, Des Plaines, IL 60018.

2.     On information and belief, Defendant, Hang A Bunch, LLC ("Hang A Bunch"), is a Michigan limited liability company having a place of business at 39571-39577 Woodward Ave., Bloomfield Hills, Michigan 48304.

### BASIS OF SUBJECT MATTER JURISDICTION

3.     This Court has subject matter jurisdiction over this patent action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

BACKGROUND FOR AXIS' REQUEST FOR DECLARATORY RELIEF

4.      United States Patent No. 8,777,069 ("the '069 patent") issued on July15, 2014.  A copy of the '069 Patent is attached as Exhibit A.

5.      Hang A Bunch has repeatedly accused Axis of selling hangers that infringe the '069 Patent.

6.      Hang A Bunch's accusations of infringement were made in several emails to Axis and at the 2014 Housewares Show in Chicago.

7.      Axis has repeatedly denied that any hangers, which it has sold, infringe the '069 Patent.

8.      All models of hangers sold by Axis ("the Axis Hangers") are shown in attached Exhibit B.

9.      Before the filing of this action, Axis and Hang A Bunch attempted to negotiate a license under the '069 Patent as a settlement of Hang A Bunch's accusations of infringement.

10.     A disagreement exists between Axis and Hang A Bunch concerning the scope of claim 1 of the '069 Patent.

11.     Claim 1 of the "069 Patent is the only independent claim in the '069 Patent and reads as follows:

> 1.  A multi-purpose hanger, said hanger comprising:
> a body;
> a hook extending from a top end of said body;
> a reinforcing plate arranged directly adjacent to an intersection of said hook and said body; and
> said body having a plurality of appendages extending therefrom, said appendages having a plurality of fingers, said finger having a generally half circle shape, said half circle having an opening facing inwards toward a center line of the hanger.

12.    Hang A Bunch's infringement accusations include the assertion that the Axis Hangers have "a reinforcing plate arranged directly adjacent to an intersection of said hook and said body."

13.    None of the Axis Hangers have "a reinforcing plate arranged directly adjacent to an intersection of said hook and said body."  And none of the Axis Hangers have "a reinforcing plate arranged directly adjacent to an intersection of said hook and said body" where the "said hook" is "extending from a top of said body."

14.    Hang A Bunch's infringement accusations include the assertion that the Axis Hangers have "a plurality of fingers, said finger having a generally half circle shape, said half circle shape having an opening facing inwards toward a center line of the hanger."

15.    None of the Axis Hangers have fingers with openings of the fingers "facing inwards toward a center line of the hanger."

16.    Jeanette Lynn Lewis filed U.S. patent application Serial No. 13/417,434 (the "Application") and assigned the Application to Hang A Bunch.

17.    The Application is the patent application from which the '069 Patent issued.

18.    During the prosecution of the Application, the Examiner mailed two Office Actions, dated May 22, 2013 and December 23, 2013.  Hang A Bunch responded to the May 22, 2013 Office Action on August 22, 2013.  Copies of these two Office Actions and Hang A Bunch's response are attached as Exhibit C.

19.    As filed, the Application included twenty claims, with claims 1 and claim 11 being written as independent claims, and with claim 1 reading as follows:

> 1.  A multi-purpose hanger, said hanger comprising:
>     a body;
>     a hook extending from a top end of said body; and
>     said body having a plurality of appendages extending therefrom.

20.     In the Office Action on May 22, 2013, the Patent Examiner rejected all the claims in the Application.     In rejecting claim 1, the Examiner relied on the Carmichael, Tomarin, and Klein U.S. patents.   In rejecting claim 11, the Patent Examiner relied on the Lorenzana and Knobel U.S. patents.

21.     In a response dated August 22, 2013, Hang A Bunch amended claim 1 and claim 11 as follows (with the added amendment being underlined):

> 1. A multi-purpose hanger, said hanger comprising:
>     a body;
>     a hook extending from a top end of said body;
>     a reinforcing plate arranged directly adjacent to an intersection of said hook and said body; and
>     said body having a plurality of appendages extending therefrom, said appendages having a plurality of fingers, said finger having a generally half circle shape, said half circle having an opening facing inwards toward a center line of the hanger.

22.     In its response dated August 22, 2013, Hang A Bunch argued that amended claim 1 was patentable because Carmichael "does not disclose a multi-purpose hanger including a reinforcing plate arranged directly adjacent to the intersection of a hook and a body."

23.     In its response dated August 22, 2013, Hang A Bunch argued that amended claim 1 was patentable because Carmichael does not disclose "the fingers of a multi-purpose hanger having a generally half circle shape, wherein the half circle having an opening facing inwards a center line of the hanger."

24.     In its response dated August 22, 2013, Hang A Bunch argued that amended claim 1 was patentable because Klein "does not disclose a multi-purpose hanger including a reinforcing plate arranged directly adjacent to the intersection of the hook and the body."

25.     In its response dated August 22, 2013, Hang A Bunch argued that amended claim 1 was patentable because Klein "does not disclose the fingers having a generally half circle shape, wherein the half circle having an opening facing inwards towards a centerline of the hanger."

26.     In its response dated August 22, 2013, Hang A Bunch argued that amended claim 1 was patentable because Tomarin does "not disclose a multi-purpose hanger comprising a reinforcing plate arranged directly adjacent to the intersection of a hook and a body of the hanger."

27.     In its response dated August 22, 2013, Hang A Bunch argued that amended claim 1 was patentable because Tomarin does not disclose "the plurality of fingers having a generally half circle shape, wherein the half circle having an opening facing inwards a center line of the hanger."

28.     In its response dated August 22, 2013, Hang A Bunch argued that amended claim 11 was patentable because Carmichael "does not disclose a multi-purpose hanger including a reinforcing plate arranged between a hook and a body."

29.     In its response dated August 22, 2013, Hang A Bunch argued that amended claim 11 was patentable because Klein "does not disclose a multi-purpose hanger including a reinforcing plate arranged between a hook and a body of the hanger."

30.     In its response dated August 22, 2013, Hang A Bunch argued that amended claim 11 was patentable because Lorenzana "does not disclose a multi-purpose hanger including a reinforcing plate arranged between a hook and body of the multi-purpose hanger."

31.     In its response dated August 22, 2013, Hang A Bunch argued that amended claim 11 was patentable because Tomarin and Knobel do "not disclose a multi-purpose hanger including a reinforcing plate arranged between a hook and a body of the multi-purpose hanger."

32.     In the Office Action dated December 23, 2013, the Examiner allowed claim1 and the claims 2 -8 that are dependent from claim 1.

33.     In a response dated March 18, 2014, Hang A bunch cancelled claim 11 and the Application claims dependent from claim 11.


CLAIM FOR RELIEF

34.     Axis incorporates by reference, as if fully set forth here, all preceding paragraphs of this complaint.

35.     This is an action for declaratory judgment of non-infringement of any and all claims of the '069 Patent.

36.     Hang A Bunch continues to allege that Axis Hangers have infringed claims of the '069 Patent, and Axis continues to deny any infringement.

37.     Axis Hangers have not infringed and do not infringe directly any of the claims of the '069 Patent because none of the claims literally describe or can be read, word for word, on the Axis Hangers.  Axis Hangers also do not infringe under the doctrine of equivalents, and Hang A Bunch is estopped, under the doctrine of file wrapper estoppel, from so asserting their infringement because of the amendments to the claims of the '069 Patent and the arguments made to the Patent Examiner during the prosecution of the Application.

38.     Accordingly, and under the circumstances, there is a substantial controversy between Axis and Hang A Bunch, who have adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

39.     Axis desires and requests a judicial declaration that Axis has not infringed and does not infringe any of the claims of the '069 Patent.

WHEREFORE, Axis requests judgment as follows:

A)     A judgment declaring that Axis has not infringed and does not infringe in any manner any claim of the '069 Patent;

B)     A judgment determining this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling Axis to an award of its reasonable attorneys fees, expenses, and costs in this action; and

C)     For such other and further relief, in law or in equity, as this Court deems just.


Dated:  October 30, 2014                    McANDREWS, HELD & MALLOY, LTD.


                                        By:     /s/ Patrick J. Arnold Jr.
                                                Patrick J. Arnold Jr.
                                                Caroline A. Teichner
                                                500 W. Madison Street
                                                Chicago, IL  60661
                                                (312) 775-8000
                                                Facsimile:  (312) 775-8100
                                                parnold@mcandrews-ip.com
                                                cteichner@mcandrews-ip.com

                                                Attorneys for Plaintiff,
                                                Axis International Marketing LTD

OF COUNSEL
Brian W. Troglia

Troglia Kaplan
1765 North Elston Ave
Chicago, IL 60642
(773) 661-1261
Facsimile: (773) 661-1287
btroglia@tkhlaw.com